UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 22-61127-CIV-DIMITROULEAS/HUNT

WICKED, LLC, an Ohio
limited liability company,

    Plaintiff,

v.

YACHT MANAGEMENT SOUTH
FLORIDA, INC, a Florida corporation

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Motion to Transfer to State Court ("Motion to Remand"), ECF No. 11, and Defendant's Motion to Amend Notice of Removal, ECF No. 12. The Honorable William P. Dimitrouleas referred the Motions to the undersigned for appropriate disposition or for a report and recommendation. ECF No. 7; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record, applicable law, the Motions, the Responses and the Reply thereto, the undersigned respectfully RECOMMENDS that Plaintiff's Motion to Remand, ECF No. 11, be GRANTED, and Defendant's Motion to Amend, ECF No. 11, be DENIED for the reasons set forth below.

## BACKGROUND

Wicked LLC ("Plaintiff") filed a pure bill of discovery in state court seeking discovery from Yacht Management South Florida, Inc. ("Defendant"). ECF No. 1-2. Defendant removed the pure bill of discovery to this court. ECF No. 1. Plaintiff filed a memorandum

in opposition to the removal. ECF No. 6. The undersigned struck the memorandum and allowed Plaintiff to file a proper motion to remand. ECF No. 9. Plaintiff then moved to remand this action to state court. ECF No. 11. Defendant filed a response in opposition but also moved this Court to allow Defendant to amend its notice of removal to add an additional ground for subject matter jurisdiction. ECF Nos. 12, 15. Plaintiff filed a reply and a sur-reply. ECF Nos. 14, 18. The motions are now ripe for adjudication.

## **PARTIES' ARGUMENTS**

Plaintiff argues that a pure bill of discovery is not an action where a plaintiff may be awarded damages. Due to this fact, Plaintiff contends that a pure bill of discovery cannot be removed to this Court because it is not considered an action. Plaintiff contends that it has not raised any allegations against Defendant. Instead, Plaintiff contends that it merely seeks to gain information.

Defendant responds that a pure bill of discovery can be removed to federal court. Defendant argues that this Court has jurisdiction pursuant to its admiralty jurisdiction because the bill of discovery involves a vessel. Defendant also contends that this Court has diversity jurisdiction because the amount in controversy exceeds the jurisdictional threshold and the Parties are diverse.

Plaintiff replies that Defendant's cited cases have all been distinguished by courts within this District. Further, Plaintiff contends that any amendment would be futile because, as all Plaintiff seeks is discovery, no amendment could cure the fact that the amount in controversy does not meet the jurisdictional threshold.

## **ANALYSIS**

"A pure bill of discovery is an equitable remedy under state law which serves to

obtain the disclosure of facts within the defendant's knowledge, or deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced in some other court." *MSP Recovery Claims, Series, LLC v. Owners Ins. Co.*, 19-20709-CIV-MORENO, 2019 WL 11506147, at *2 (S.D. Fla. May 31, 2019) (quotation omitted).

Courts within this district have held that the fact that "a pure bill of discovery may later be amended to actually state causes of action over which the Court has jurisdiction, such as a claim under [federal law], does not cure the absence of subject matter jurisdiction at the time of removal." *MSP Recovery Claims, Series LLC v. Coloplast Corp.*, No. 18-24582-CIV-ALTONAGA/GOODMAN, 2018 U.S. Dist. LEXIS 200428, at *1 (S.D. Fla. Nov. 26, 2018); *see also Owners Ins. Co.*, 2019 WL 11506147, at *2. Further, for cases alleging diversity jurisdiction, "the monetary value of information sought via the pure bill of discovery and the amount that may be in controversy in a subsequent action are not one and the same." *Le Marc v. JPmorgan Chase Bank, N.A.*, No. 17-60296-CIV-DIMITROULEAS, 2017 U.S. Dist. Lexis 33133, at *2–3 (S.D. Fla. Mar. 7, 2017) (quotation omitted).

Defendant relies on *Empire Financial Grp., Inc. v. Financial Industry Regulatory Authority, Inc.*, and *Butzberger v. Novartis Pharm. Corp.*, for support that this action should remain in federal court. No. 08-80534-CIV-RYSKAMP/VITUNAC, 2009 WL 10644856 (S.D. Fla. Jan. 15, 2009); No. 06-80700-CIV-RYSKAMP/VITUNAC, 2006 WL 8443453 (S.D. Fla. Nov. 27, 2006). However, those cases have been distinguished more recently by courts within this District. *See Coloplast Corp.*, 2018 U.S. Dist. LEXIS 200428, at *2 (stating that the court was not persuaded by *Butzberger* which did not find subject

3

matter jurisdiction on a speculative and as of yet unstated federal claim); *Le Marc*, 2017 U.S. Dist. LEXIS 33133, at *3 (stating that the district court in *Butzberger* relied upon other product liability cases brought by the same plaintiff against the same defendant and that *Empire* denied the motion to remand because the only available claim necessarily arose under federal law).

The undersigned finds that Defendant has shown no need to revisit these distinctions and will follow the more recent case law of this District in remanding pure bills of discovery for lack of subject matter jurisdiction. *See Owners Ins. Co.*, 2019 WL 11506147, at *2 (collecting cases from this District that remanded pure bills of discovery). Defendant is speculating on the causes of action that could play out once Plaintiff obtains information through discovery. However, there is no underlying action between the Parties; there is only a possibility of a future action. Once Plaintiff decides (and it may not) to sue to recover on any claims that it may discover through the bill of discovery, then at that time removal may be proper. However, at the present moment, that is not the case and this Court does not have jurisdiction over a pure bill of discovery. Therefore, the undersigned recommends that Plaintiff's Motion to Remand be GRANTED.

The undersigned further recommends that Defendant's Motion to Amend be DENIED. Any amendment would be futile because the amendment would still be based on the pure bill of discovery—which is not a civil action—and would not cure the absence of subject matter jurisdiction. *See Carr v. Bombadier Aero Corp.*, No. 10-60917-MC-MARRA, 2010 U.S. Dist. LEXIS 59905, at *2 (S.D. Fla. June 3, 2010) ("[N]o future amendment of the Complaint, [pure bill of discovery], would sufficiently establish the necessary amount in controversy for Plaintiff's present cause of action."). Put another

4

way, the value of Plaintiff's pure bill of discovery would be the monetary value of the benefit that would flow to it if the pure bill of discovery were granted, not the damages that Defendant alludes to. *See id.* As a result, only through speculation could a monetary amount be placed on the information Plaintiff may obtain through the bill of discovery. Therefore, the undersigned recommends that the District Court deny Defendant's Motion to Amend.

**RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion to Remand, ECF No. 11, be GRANTED and this action be remanded to state court. The undersigned further recommends that Defendant's Motion to Amend, ECF No. 12, be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 3rd day of November 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record